# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza, 16th Fl., Brooklyn, NY
11201 Tel: (718) 330-1200  Fax: (718) 855-0760

Tamara L. Giwa
*Executive Director and*
*Attorney-in-Chief*

Michelle A. Gelernt
*Attorney-in-Charge*

May 24, 2024

By ECF and Electronic Mail
The Honorable Judge Cogan
District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. Fawaz Ould Ahemeid, 20-cr-502 (BMC)

Dear Judge Cogan:

        We respectfully request that the Court set a deadline of August 1, 2024 for the government to render a decision on whether it will seek the death penalty against Mr. Ahemeid, and set a status conference in late May or early June to discuss case timeline and scheduling, including the government's pending CIPA Section 4 application. The government consents to scheduling a status conference but objects to the defense request for a deadline for its authorization decision.

        In April 2016, Mr. Ahemeid was captured in Bamako, Mali for his alleged participation in terrorist attacks in Mali in 2015 and other activities on behalf of al-Qaeda in the Islamic Maghreb ("AQIM") and al-Mourabitoun. Mr. Ahemeid was tried in Mali in October 2020, convicted, and sentenced to death. In December 2022, Mr. Ahemeid was extradited to the Eastern District of New York on an indictment returned in November 2020 containing charges arising from the same course of conduct as the Mali prosecution. Mr. Ahemeid faces two capital charges for aiding and abetting the death of American citizen Anita Datar during the attack on the Radisson Blu Hotel in November 2015: the murder of Ms. Datar (Count One), and causing the death of Ms. Datar through the use of a firearm (Count Three). Mr. Ahemeid is also alleged to have been involved in a March 2015 attack on La Terrasse restaurant in Bamako, Mali, and an August 2015 attack on Hotel Byblos in Sevare, Mali.

        On December 31, 2023, we submitted a comprehensive and detailed submission on behalf of Mr. Ahemeid to the U.S. Attorney's Office for the Eastern District of New York ("USAO") requesting that a capital prosecution not be authorized. Though almost five months have passed, we understand from recent discussions with government counsel that the USAO has

not yet submitted its recommendation to the Assistant Attorney General for the Criminal Division through the Capital Case Section ("CCS"),[1] along with other materials including our submission pursuant to Section 9-10.080 of the Justice Manual ("JM") (formerly, United States Attorneys' Manual).[2] Because the USAO has not submitted its recommendation to DOJ, the Assistant Attorney General and CCS review process has yet to begin.[3]

Since Mr. Ahemeid's case is currently death-eligible, the defense is actively and diligently preparing for a capital trial, and doing so on an international scale.  However, as the Court is aware, a capital case requires substantially greater pre-trial and trial preparation for all parties involved. It is anticipated that pre-trial litigation in this case will involve numerous complex motions and issues that directly relate to or are impacted by the capital designation, and will require the Court's time and resources to decide. A prompt decision not to seek the death penalty would obviate the need to litigate these substantial issues, saving valuable judicial and public resources. Also significantly, a timely decision not to seek the death penalty would reduce the time and resources otherwise required to adequately prepare a defense for a multi-phase capital trial.

The Court has the authority to enter scheduling orders governing death-eligible proceedings, including a deadline for the government to file its notice of intent to seek the death penalty. Judicial involvement in the timeline for life-and-death charging decisions is well-accepted. The CJA Guidelines approved by the Judicial Conference of the United States provide that, in a potential capital case, "the court should establish a schedule for resolution of whether the government will seek the death penalty." *Guide to Judiciary Policy, Vol 7 Defender Services,*

---

[1] The CCS assists the Attorney General's Review Committee on Capital Cases in reaching its recommendation to the Attorney General regarding whether the death penalty should be sought in each capital-eligible case submitted pursuant to the DOJ death penalty protocol.

[2] Government counsel previously notified us by email, dated May 10, 2023, that the USAO intended to make its recommendation about whether to seek the death penalty by October 2023. Based on this timeline, we were asked to provide any materials for consideration by the end of September 2023. After further discussions, we agreed to provide our local EDNY submission on or before January 1, 2024, with the expectation that the USAO's recommendation to the CCS would soon follow. The government has not provided a reason for the delay.

[3] The present Administration has directed local U.S. Attorneys' Offices not to seek the death penalty for 526 defendants and has withdrawn authorizations for 30 defendants in 25 cases, including eight defendants in 2023. *See, e.g.*, *United States v. Patrick Crusius*, 20-cr-389 (DCG) (W.D. Tx) (declining to authorize case where defendant committed a racially-motivated mass shooting at a Walmart in Texas, killing 23 people and wounding dozens more, and defendant posted an online manifesto referencing the 2019 mass shootings at two mosques in New Zealand and other white supremacist terrorist attacks); *United States v. Alexi Saenz / Jairo Saenz*, 16-cr-403 (GRB) (E.D.N.Y.) (de-authorizing case in the Eastern District where MS-13 clique leaders charged with eight murders and seven murders respectively, including the brutal murder of 15-year-old and 16-year-old girls, and several attempted murders). It has authorized only one capital prosecution. *United States v. Payton Gendron*, 22-cr-109 (LJV) (W.D.N.Y.) (authorizing case where defendant, specifically seeking to murder Black people, committed a mass shooting at a Tops grocery store in Buffalo, NY, killing ten individuals and injuring three on May 14, 2022).

*Part A Guidelines for Administering the CJA and Related Statutes* ("CJA Guidelines"), § 670(a).[4] Such schedule "should include dates for":

(1) the submission by the defendant to the U.S. attorney of any reasons why the government should not seek the death penalty;

(2) the submission by the U.S. Attorney to the appropriate officials of the DOJ of a recommendation and any supporting documentation concerning whether the death penalty should be sought; and

(3) filing of a notice under 18 U.S.C. § 3593(a) that the government will seek the death penalty, or notification to the court and the defendant that it will not.

*Id.* § 670(b). Moreover, the Justice Manual itself contemplates such a deadline. *See* JM § 9-10.070 (requiring that a USAO's expedited decision submission to the CCS include "any applicable deadline for decision"); *id.* § 9-10.080 (requiring that a USAO's non-expedited decision submission to the CCS include "[a]ny deadline established by the Court for the filing of a notice of intent to seek the death penalty"); *id.* § 9-10.180 (requiring that the USAO notify the CCS when "[a] deadline for filing a notice of intent to seek the death penalty . . . is established or modified").

Indeed, courts across the country have imposed deadlines for the government to file its notice of intent to seek the death penalty.[5] *See, e.g.*, *United States v. Diaz-De Leon*, 20-cr-164 (PAD) (D.P.R. 2023) ("USAO for this district shall advise the Court by November 27, 2023 on whether or not it will seek the death penalty against one or more defendants in this case."); *United States v. Gamez Melendez*, 22-cr-60078 (RAR) (S.D. Fla. 2022) ("The government shall file a Notice of Intent to Seek the Death Penalty … or announce its decision not to seek the death penalty, on or before December 22, 2023."); *United States v. Brown*, 21-cr-161 (RSB) (S.D. Ga. 2022) ("[Counsel have jointly drafted an amended scheduling order governing significant dates in the case. . . . The Court has considered the parties' submission, grants the motion, and adopts the proposed deadlines as follows: … October 21, 2022–government's Notice of Intent to Seek or Not Seek the Death Penalty"); *United States v. Coleman*, 19-cr-10113 (FDS) (D. Mass. 2021) ("In order to permit orderly pre-trial preparation, the government is hereby ordered to state in writing to the Court on or before September 10, 2021, whether it intends to seek the death

---

[4] The CJA Guidelines are available at http://www.uscourts.gov/uscourts/FederalCourts/ AppointmentofCounsel/vol7/vol_07A.pdf.

[5] Consistent with this authority, courts have also intervened in the deauthorization context. For instance, in *United States v. Tartaglione*, 16-cr-832 (KMK) (S.D.N.Y.), a death-eligible matter in the Southern District of New York, the Honorable Kenneth M. Karas wrote to the CCS inquiring when a decision would be made, "[i]n the interest of managing this litigation and securing a just and speedy outcome with limited judicial resources. *See* Exhibit A (Letter to CCS, November 14, 2022). On December 13, 2022, the government withdrew its notice of intent to seek the death penalty. Likewise, in *United States v. Saenz*, 16-cr-403 (GRB) (E.D.N.Y.), the Honorable Gary R. Brown "direct[ed] a response from the DOJ on deauthorization on or before 10/5/2023." *See* Exhibit B (Criminal Minute Order, July 14, 2023). As previously indicated, the government subsequently withdrew its notice of intent to seek the death penalty against both death-eligible defendants.

penalty in this case . . . ."); *United States v. Coles*, 16 Cr. 212 (CCC) (M.D. Pa. 2021) ("We . . . established February 3, 2020, as the government's deadline to provide notice of intent to seek the death penalty pursuant to 18 U.S.C. § 3593(a)."); *United States v. Brown*, 19-cr-50016 (N.D. Ill. 2020) ("MINUTE entry … The deadline for the government to file its notice of intent to seek the death penalty is 7/28/2021."); *United States v. Cortner*, 19-cr-171 (S.D. Ohio 2020) ("The government's deadline to state its recommendation concerning pursuit of the death penalty is October 1, 2021."); *United States v. Hughes*, 18-cr-67 (CWR) (S.D. Miss.) ("Minute Entry . . . U.S. Attorney's Office shall notify the Court and the parties of their intent to seek the death penalty as possible sentence in this case by 1/15/2020 . . . ."); *United States v. Rivas-Moreiera*, 22-cr-27 (E.D. Tx Oct. 7, 2023) (granting defense motion for a deadline for the government's notice of intent to seek the death penalty); *United States v. Jordan*, 18-cr-76 (S.D. Miss. Sep. 27, 2018) (setting a deadline for the government to notify the court of its intention to seek the death penalty while stating that "[t]he trial of this action and motion deadlines will be set at a later date").

Most recently, the Honorable Joan M. Azrack set a deadline in a case in the Eastern District charging nine defendants with death-eligible murders on behalf of MS-13. No Rule 12 motion schedule or trial date has been set, and the defendants provided their mitigation submissions to the government beginning in September 2023, including two defendants' submissions on January 5, 2024, and February 12, 2024. Nonetheless, on May 9, 2024, Judge Azrack set an authorization decision deadline for July 8, 2024. *See United States v. Alfaro et al.*, 20-cr-251 (JMA) (E.D.N.Y. May 9, 2024), ECF No. 329 ("The Court sets a deadline of 7/8/2024 for decisions on the death penalty from the Department of Justice. Government to submit a status report to the court within 60 days.").

Mr. Ahemeid was indicted in the Eastern District in November 2020, a month after he was sentenced to death in Mali for the same course of conduct. Four years is sufficient time for the government to decide whether it intends to proceed with a capital trial. In light of the interests at stake in a prompt resolution, the Court should impose a deadline of August 1, 2024 for the filing of a notice of intent to seek the death penalty.

Thank you for your consideration of this request.

Respectfully Submitted,

/s/

Samuel Jacobson
Kyla Wells
Anthony Cecutti
Kestine Thiele
*Counsel to Mr. Ahemeid*

cc:      all counsel of record (by ECF)

4