

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:SKW/MAA
F. #2015R02002

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 14, 2024

By ECF and Email

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Fawaz Ould Ahmed Ould Ahemeid
Criminal No. 20-502 (BMC)

Dear Judge Cogan:

In advance of the June 20, 2024 status conference, the government respectfully submits this letter in opposition to the defendant's request that the Court set a deadline for the government to render a decision as to whether it will seek the death penalty against the defendant. The government submits that setting a deadline at this time would unjustly impair the government's ability to carefully evaluate the evidence and the arguments set forth in the defendant's mitigation submission. Here, where the defendant's life is potentially at stake, imposition of an arbitrary deadline is not warranted.

As the Court is aware, the defendant was extradited to the United States from Mali in December 2022. The Court subsequently appointed the Federal Defenders of New York to represent the defendant, as well as learned counsel, pursuant to Title 18, United States Code, Section 3005, and the Criminal Justice Act. Currently, the defendant has at least four attorneys actively representing him, in addition to the assistance of at least one attorney with the Federal Death Penalty Resource Counsel and multiple investigators.

After initially and repeatedly advising the government that the defendant did not intend to make a mitigation submission to our Office (as contrasted with to the Department of Justice's Capital Case Section), defense counsel indicated that they would make such a submission. The government requested the submission by June 2023. Defense counsel then requested multiple extensions, which the government granted, adjourning the deadline to

August 2023, then September 2023, and finally December 31, 2023.[1] The government understands that these adjournments enabled defense counsel, among other things, to travel overseas to conduct investigation for the mitigation submission. On January 1, 2024, defense counsel submitted their mitigation submission to our Office.

Since then, the prosecution team has diligently, and in good faith, investigated the various arguments in the defendant's mitigation submission as well as all appropriate factors under 18 U.S.C. § 3593. Our Office's consideration of this important decision is active and ongoing. Our Office will then make a recommendation to the DOJ's Capital Case Section, which will conduct a preliminary analysis of the submissions, and advise the Attorney General's Review Committee on Capital Cases ("AGRCCC") regarding the factual and legal issues that are relevant to the Committee's recommendation to the U.S. Attorney General, who ultimately decides the government's position. To set a deadline at this time for the government to decide whether to seek the death penalty would unjustly inhibit the government from investigating and giving due consideration to all relevant factors and would unduly curtail consideration at each level of review.[2]

On the other hand, there is no prejudice to the defendant in providing the government sufficient opportunity to carefully evaluate this important decision. Although

---

[1] Contrary to the representation in defense counsel's letter, see ECF 68 at 2, n. 2, the government never stated that it intended to make its recommendation about whether to seek the death penalty by October 2023. Rather, as defense counsel is aware, the government stated that the prosecution team sought to make an internal recommendation by October 2023, which was why it requested the defendant's mitigation submission prior to that date. The prosecution team made no representation about when the Office would make a recommendation to the DOJ's Capital Case Section nor when the DOJ would make a final decision. And, in any event, the government did not proceed with that internal deadline once the defendant did not timely submit his mitigation submission in advance of that deadline.

[2] The cases defense counsel cite in support of the Court setting a deadline are inapposite because the government in each of those cases had significantly longer to consider the relevant factors in deciding whether to seek the death penalty. In United States v. Tartaglione, 16-CR-832 (KMK) (S.D.N.Y.), the defendant was arraigned on December 19, 2016, and, three years later, in April 2019, the government filed a notice that the Department of Justice had decided to seek the death penalty. See ECF 121. The defendant subsequently submitted a deauthorization request and, six years after the case was indicted, in December 2022, the court submitted a letter to the Department of Justice inquiring about the deauthorization decision. See ECF 383. Similarly, in United States v. Saenz, 16-CR-403 (GRB) (E.D.N.Y), the defendant was arraigned on March 2, 2017, and, three years later, in July 2020, the government filed a notice that the Department of Justice had decided to seek the death penalty. See ECF 1429. Then, three years after that, the defendant submitted a deauthorization application at which time the court set a deadline for the government to decide whether to deauthorize the death penalty.

defense counsel stated in their letter that they anticipate filing "numerous complex motions," which they claim are "impacted by the capital designation," see ECF 68 at 2, they fail to identify a single motion or explain why such a motion could not be briefed while the capital decision is pending.

Notably, contrary to the claim in the defendant's letter, see id. at 3, there is no deadline or timeframe set forth in the Justice Manual ("JM") for the government to render a capital decision, and, even if there were, it would be unenforceable. The internal provisions in the Justice Manual do not create legal rights that can be enforced by a defendant or overseen by this Court. See, e.g., United States v. Lopez-Matias, 522 F.3d 150, 155-56 (1st Cir. 2008). Consistent with this notion, multiple federal courts have rejected capital defendants' requests for court intervention in the Department of Justice's capital-review process. See United States v. Wilson, 518 F. Supp. 3d 678, 682 (W.D.N.Y. 2021) (collecting cases); United States v. Tsarnaev, Cr. No. 13-10200, 2013 WL 5701582, *1-*2 (D. Mass. Oct. 18, 2013).

Accordingly, the government does not object to the Court setting a pretrial motion briefing schedule, but respectfully requests that the Court not set a deadline for a capital decision at this time so the government can continue to take the appropriate time to carefully consider and make this very significant decision.

Respectfully submitted,

BREON PEACE
United States Attorney

By:        /s/
Sara K. Winik
Meredith A. Arfa
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (BMC) (RLM) (by ECF)
      Counsel of Record (by ECF and Email)

3