

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:SKW/MAA
F. #2015R02002

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 23, 2025

By ECF and Email

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    United States v. Fawaz Ould Ahmed Ould Ahemeid
>          Criminal Docket No. 20-502 (BMC)

Dear Judge Cogan:

The government respectfully writes in opposition to the defendant's motion for discovery purportedly relevant to Attorney General Bondi's decision whether to seek the death penalty against the defendant. (*See* ECF No. 120.)

As a threshold matter, discovery pursuant to Federal Rule of Criminal Procedure 16 was substantially completed prior to then-Attorney General Garland's November 2024 decision not to seek the death penalty in this case.[1] Because that decision was pending, the government was mindful of its obligations with respect to discovery potentially relevant to capital mitigation, and it proceeded accordingly. That is true of both classified and unclassified discovery.

Notably, the defendant sought information from the government about the conditions of confinement in Mali and his statements to U.S. and Malian authorities as early as March 6, 2023. On January 1, 2024, the defendant provided a mitigation submission to our Office, in which he claimed that he was subject to torture and inhumane conditions while in Malian

---

[1]    Specifically, the government's production of unclassified discovery was substantially complete as of June 2024, with a small supplemental production in January 2025. The government filed its motion for a protective order pursuant to Section 4 of the Classified Information Procedures Act, 18. U.S.C. App. III ("CIPA"), and Rule 16(d)(1), on May 17, 2024. The Court granted that motion, following an *ex parte*, classified hearing, on October 7, 2024. Pursuant to that decision and the protective order entered by the Court, the government produced classified information to cleared defense counsel, via the Classified Information Security Officer, on October 30, 2024.

detention, which he argued counseled against seeking the death penalty.[2]  Accordingly, while reviewing and evaluating potential discovery, the government was mindful of that claim, as well as other potential defense arguments to suppress the defendant's custodial statements. Consequently, consistent with Rule 16, *Brady* and its progeny, and CIPA, the government has already complied with its discovery obligations with respect to the first three categories of information the defendant requests in the instant motion, all of which relate to the defendant's conditions of confinement while in Malian custody and interviews by U.S. and foreign authorities.

Notwithstanding the defendant's generalized assertions, the fourth category of information he requests – information relating to the timing of the government's decision to indict the defendant – seemingly has no bearing on the Attorney General's review of the capital decision in this case.  Such discovery instead relates to the motion to dismiss for pre-indictment delay, which the defendant has stated he intends to file (*see* ECF No. 120 at 4).  In any event, information relating to the government's decision-making regarding whether to indict the defendant is not discoverable.  *See generally* Fed. R. Crim. P. 16(a)(2) ("[With certain inapplicable exceptions,] this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."); *United States v. Edelin*, 128 F. Supp. 2d 23, 39 (D.D.C. 2001) ("Materials generated prior to the government taking a decision, and deliberative materials, which reflect the consultation of different government officials in the decision-making process, are privileged when their disclosure would expose the deliberative process within the agency." (alteration and internal quotation marks omitted)).

Finally, the Court should deny the defendant's request for an *ex parte* and *in camera* hearing pursuant to Section 2 of CIPA.  As the Court is aware, it granted the government's motion pursuant to Section 4 of CIPA while the capital decision was pending; the defendant has offered no new information or other basis for revisiting that decision.  The government will be prepared to discuss this issue further, as well as the requests made by defense counsel in their classified letters, at the upcoming *ex parte* classified hearing on May 29, 2025.

---

[2]  The government cites the defendant's mitigation submission herein for context and does not offer the contents of the mitigation submission against the defendant.

For the reasons above, the defendant's motion should be denied.

Respectfully,

JOSEPH NOCELLA, JR.
United States Attorney

By:              /s/
Sara K. Winik
Meredith A. Arfa
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of the Court (BMC) (by ECF and Email)
Defense Counsel of Record (by ECF)

3