NJM:SKW/MAA
F. #2015R02002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

FAWAZ OULD AHMED OULD
AHEMEID,
    also known as "Ibrahim Idress" and
    "Ibrahim Dix,"
               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
*   MARCH 24, 2026   *
BROOKLYN OFFICE

S U P E R S E E D I N G
I N D I C T M E N T____

Cr. No. 20-502 (S-1) (BMC)
(T. 18, U.S.C., §§ 844(c)(1), 844(h)(1),
  844(h)(2), 981(a)(1)(C), 981(a)(1)(G),
  982(a)(2), 2332(a)(1), 2339B(a)(1),
  3591(a), 3592(c), 2 and 3551 et seq.;
  T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
  § 2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
### (Murder of Anita Ashok Datar)

1.     On or about November 20, 2015, within the extraterritorial jurisdiction of the United States, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and "Ibrahim Dix," together with others, did knowingly and intentionally kill Anita Ashok Datar, a national of the United States, while such national was outside the United States, which killing was a murder as defined in Title 18, United States Code, Section 1111(a).

(Title 18, United States Code, Sections 2332(a)(1), 2 and 3551 et seq.)

## COUNT TWO
### (Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

2.     In or about and between February 2008 and April 2016, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and "Ibrahim Dix," together with others, did knowingly and intentionally conspire to provide

material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including property, services and personnel, including himself and others, to foreign terrorist organizations, to wit: (1) al-Qaeda in the Islamic Maghreb ("AQIM"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, and (2) al-Murabitoun, which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that AQIM and al-Murabitoun were designated foreign terrorist organizations and that AQIM and al-Murabitoun had engaged in and were engaging in terrorist activity and terrorism, and the offense occurred in and affected interstate and foreign commerce and the offense resulted in the death of one or more persons.

(Title 18, United States Code, Sections 2339B(a)(1) and 3551 et seq.)

## COUNT THREE
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

3.      In or about and between February 2008 and April 2016, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and "Ibrahim Dix," together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including property and personnel, including himself and others, to a foreign terrorist organization, to wit: (1) AQIM, which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, and (2) al-Murabitoun, which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that AQIM and al-Murabitoun were designated foreign terrorist

3

organizations and that AQIM and al-Murabitoun had engaged in and were engaging in terrorist activity and terrorism, and the offense occurred in and affected interstate and foreign commerce and the offense resulted in the death of one or more persons.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
### (Use of Explosives)

4.     In or about and between August 2015 and November 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and "Ibrahim Dix," together with others, did knowingly and intentionally use one or more explosives, to wit: grenades, to commit one or more felonies, to wit: the crimes charged in Counts One, Two and Three, which felonies may be prosecuted in a court of the United States, and did knowingly and intentionally carry such explosives during the commission of said felonies.

(Title 18, United States Code, Sections 844(h)(1), 844(h)(2), 2 and 3551 et seq.)

## NOTICE OF SPECIAL FINDINGS PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3591 AND 3592, AS TO COUNT ONE

5.     The allegations of Count One of this Indictment are realleged and incorporated by reference as if fully set forth in this paragraph.

6.     The Grand Jury finds, as to Count One, the defendant FAWAZ OULD AHMED OULD AHEMEID, also known as "Ibrahim Idress" and "Ibrahim Dix":

(a)     was 18 years of age or older at the time of the offense (Title 18, United States Code, Section 3591(a));

(b)     intentionally killed victim Anita Ashok Datar (Title 18, United States Code, Section 3591(a)(2)(A));

(c)     intentionally inflicted serious bodily injury that resulted in the death of victim Anita Ashok Datar (Title 18, United States Code, Section 3591(a)(2)(B));

(d)     intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and victim Anita Ashok Datar died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

(e)     in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

(f)     committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism (Title 18, United States Code, Section 3592(c)(9)); and

(g)     intentionally killed and attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

7.     The Grand Jury further finds, as to Count One, the death, and injury resulting in death of victim Anita Ashok Datar, occurred during the commission or attempted commission of, and during the immediate flight from the commission of, an offense under Title 18, United States Code, Section 2332 (terrorist acts abroad against United States nationals) (Title 18, United States Code, Section 3592(c)(1)).

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH FOUR

8.     The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One through Four, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Sections 981(a)(1)(C) and

982(a)(2), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses; (b) Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic, (i) of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (ii) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (iii) derived from, involved in or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (iv) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign Government; and (c) Title 18, United States Code, Section 844(c)(1), which requires any person convicted of such offenses to forfeit any explosive materials involved or used or intended to be used in any violation of law.

9.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)      cannot be located upon the exercise of due diligence;

6

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Sections 844(c)(1), 981(a)(1)(C), 981(a)(1)(G) and

982(a)(2); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section

2461(c))

A TRUE BILL

_Joseph Nocella_
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK